861 F.2d 714
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Saleem Nuriddin ABDULLAH, Plaintiff-Appellant,
v.
Benjamin LOVE, Esquire, Assistant State's Attorney for
Carroll County, Defendant-Appellee.
Saleem Nuriddin ABDULLAH, Plaintiff-Appellant,
v.
Ralph T. UEBERSAX, Esquire, Deputy State's Attorney for
Carroll County, Defendant-Appellee.
Saleem Nuriddin ABDULLAH, Plaintiff-Appellant,
v.
Charles W. THOMPSON, JR., Esquire, Assistant State's
Attorney for Carroll County, Defendant-Appellee.
Saleem Nuriddin ABDULLAH, Plaintiff-Appellant,
v.
Thomas E. HICHMAN, Esquire, State's Attorney for Carroll
County, Defendant- Appellee.
Saleem Nuriddin ABDULLAH, Plaintiff-Appellant,
v.
STATE OF MARYLAND, Defendant-Appellee.
Saleem Nuriddin ABDULLAH, Plaintiff-Appellant,
v.
The Honorable Edward O. WEANT, Jr., Chief Judge, Fifth
Judicial Circuit Court for the County of Carroll,
Defendant-Appellee.
Saleem Nuriddin ABDULLAH, Plaintiff-Appellant,
v.
Dr. Julius CHEPKO, Defendant-Appellee.
Saleem Nuriddin ABDULLAH, Plaintiff-Appellant,
v.
Glenn E. MUMMERT, Warden, Carroll County Detention Center,
Defendant-Appellee.
Saleem Nuriddin ABDULLAH, Plaintiff-Appellant,
v.
H. Leroy CAMPBELL, Sheriff of Carroll County (1975-1977),
Carroll County Sheriff's Department, Defendant-Appellee.
Saleem Nuriddin ABDULLAH, Plaintiff-Appellant,
v.
J. Robert JOHNSON, Esquire, Attorney at Law, Assistant
District Public Defender for Carroll County,
Defendant-Appellee.
 Nos. 88-6724 - 88-6733
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 25, 1988.
Decided Oct. 3, 1988.
 
 Saleem Nuriddin Abdullah, appellant pro se.
 Before DONALD RUSSELL and JAMES DICKSON PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Saleem Nuriddin Abdullah, a Maryland prisoner, appeals the district court's dismissal of ten of his 42 U.S.C. Sec. 1983 actions. The dismissals were entered on February 24, 1988. Abdullah's notices of appeal are dated March 14, 1988, but they were not received by the district court until June 17, 1988, nearly three months after the after the expiration of 30-day appeal period established by Fed.R.App.P. 4(a)(1).
 
 
 2
 In Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428), the Supreme Court held that a prisoner's notice of appeal is filed when he delivers it to prison officials for forwarding to the district court. We cannot determine from the records before us whether Abdullah gave his notice of appeal to the prison authorities and, if he did, when he gave it to the prison authorities for forwarding to the district court. Accordingly, we remand the cases to the district court. On remand, that court will obtain this information, making any necessary evidentiary rulings. The cases, as supplemented, then will be returned to this Court for further consideration.
 
 
 3
 We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 4
 REMANDED.